348 A.2d 132

COMMONWEALTH of Pennsylvania,
Appellee,

v.

Walter DOBSON, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided Nov. 26, 1975.

John Rogers Carroll, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

Walter Dobson appeals from the sentence of life imprisonment imposed upon him following his conviction by a jury of murder in the first degree.

The prosecution stemmed from a fatal shooting during an armed holdup, allegedly committed by Dobson with the aid of an accomplice, in an attempt to steal narcotic drugs. The sufficiency of the evidence to warrant Dobson's conviction is not questioned, and an examination of the record readily demonstrates the evidence was more than ample to sustain the jury's verdict.

Following his arrest, Dobson was questioned by the police intermittently over a period of several hours and persisted in denying his guilt of the crime. However, during further questioning commencing twelve hours after his arrest, he finally admitted his involvement. A summary of this statement was recorded in handwriting by one of the questioning police officers. Later, beginning fifteen hours and fifteen minutes after his arrest, Dobson was questioned again and his statement at this time admitting and describing his participation in the holdup was recorded on a typewriter. A pretrial motion to suppress this evidence was denied, and it was admitted over objection at trial. The contents of the state-

ment, which covered ten typewritten pages, was read to the jury and the statement itself was sent out with the jury during its deliberations.

The Commonwealth does not now contest that the trial court erred in refusing to suppress evidence of the statement and in permitting its introduction into the trial record under *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417 (1972), and related cases. However, the Commonwealth urges the error was harmless since there was "other overwhelming evidence" of Dobson's guilt introduced at trial. This position is untenable instantly for the following reason.

During his charge the trial judge instructed the jury, in part, that if it found the incriminating statement of Dobson was made voluntarily to the police and also believed its contents to be true beyond a reasonable doubt, then "that in itself is sufficient evidence upon which you can base a conviction." [1] Since the jury's verdict was general in nature, it is impossible to ascertain from the record upon what evidence the jury based its verdict. In view of the trial court's instructions, it is at least possible that the jury rejected the "other overwhelming evidence" of guilt and still found Dobson guilty solely on the basis of his incriminating statement to the police. Under such circumstances, the evidentiary use of the statement can hardly be said to be harmless.

Judgment reversed and and a new trial ordered.

---

1. *The exact language used by the trial judge to which a specific objection was entered was as follows:*
    "*If you wish to believe the defendant's statement, that in itself is sufficient evidence upon which you can base a conviction. Have I made that clear to you?*
    \* \* \* \* \* \* \* \* \* \*
    "*Also, I told you that the confession, statement, given by the defendant, if you believe it beyond a reasonable doubt, is sufficient alone for you to base your verdict, but as I said earlier, you must believe it to be voluntarily given, and believe its contents beyond a reasonable doubt, and even if there is no other evidence, a confession if believed to be voluntary, and the contents are sufficient, is enough in itself to warrant a jury's verdict.*"

NIX, J., concurs in the result.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

I must respectfully dissent from the decision of the Court today because it involves the retrospective application of the decision of this Court in *Com. v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Appellant's arrest and interrogation occurred in December, 1971, four months before the *Futch* decision was announced in April, 1972. I fail to see how application of the exclusionary rule in such circumstances will advance its purposes. As I wrote in my dissenting opinion in *Com. v. Dutton*, 453 Pa. 547, 552, 307 A.2d 238, 240 (1973):

> "One may hope that the threat of exclusion will help to deter dilatory or illegal police conduct, but it can hardly be supposed that application of the exclusionary rule to events long past will add anything to the rule's deterrent force for the future."

See also my concurring opinion in *Com. v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975) and the opinions cited in footnote two therein.